IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLES BRIDGES                                                                                           PLAINTIFF

v.                                          Case No. 4:20-cv-4104

BLUESTAR SERVICES, LLC
and MAHMUT ZULIC                                                                                        DEFENDANTS

v.

AMERISAFE RISK SERVICES, INC.                                                        INTERVENOR PLAINTIFF

**ORDER**

Before the Court is Intervenor Plaintiff Amerisafe Risk Services, Inc.'s ("Amerisafe") Motion for Choice of Law.  ECF No. 22.  No party has filed a response, and the time to do so has passed.  *See* Local Rule 7.2(b).  The Court finds the matter ripe for consideration.

**I. BACKGROUND**

On December 3, 2020, Plaintiff Charles Bridges filed his Complaint against Defendants. ECF No. 3.  Plaintiff brought claims of negligence against Defendants for a vehicle collision that occurred in Nevada County, Arkansas.  *Id*. at p. 2-3.  The collision occurred while Plaintiff was parked in a rest station parking lot and Defendant Mahmut Zubic ("Zubic") was operating a tractor trailer as an employee of Defendant Bluestar Services, Inc. ("Bluestar").  *Id*. at p. 2-4.  Plaintiff asserted jurisdiction pursuant to 28 U.S.C. § 1332 diversity jurisdiction, with Plaintiff being a resident of Mississippi, Defendant Zubic being a citizen of Missouri, and Defendant Bluestar being a corporation organized under the laws of the state of Illinois.  *Id*. at p. 1-2.

On April 15, 2021, Amerisafe filed a Motion to Intervene in this matter pursuant to Federal Rule of Civil Procedure 24.  ECF No. 16.  Amerisafe stated that at the time of the collision it was the worker's compensation carrier for Plaintiff's employer, MS Freight Company, Inc. ("MS

Freight"), a Mississippi corporation. ECF No. 22-1, p. 2-3. Amerisafe further stated that it has paid MS Freight $43,339.17 in benefits pursuant to the insurance contract between Amerisafe and MS Freight for Plaintiff's worker's compensation claim related to the collision. ECF No. 16, p. 1-2. Amerisafe argued that its prior payout gives it an interest in any damages recovered by Plaintiff up to the amount it has paid out pursuant to Mississippi Code § 71-3-71. *Id*. at p. 2. The Court subsequently granted Amerisafe's motion to intervene in this matter. ECF No. 18.

On October 1, 2021, Amerisafe filed the instant motion. ECF No. 22. Amerisafe seeks to have the Court apply Mississippi law regarding all worker's compensation subrogation lien issues. *Id*.

## II. DISCUSSION

Amerisafe argues that Arkansas' choice of law rules favor the application of Mississippi law for any worker's compensation subrogation lien issue that arises in this matter. *Id*. at p. 4. Specifically, Amerisafe contends that the choice of law considerations outline by Professor Robert Leflar and adopted by the Arkansas Supreme Court favor the application of Mississippi's laws regarding any worker's compensation subrogation lien issue. *Id.* at p. 4-12. Amerisafe also argues that the principle of *lex loci delecti* also utilized in Arkansas supports applying Mississippi law on this issue. *Id*. at p. 12. Amerisafe further argues that applying Mississippi law to this issue comports with the doctrine of *dépeçage* and would not require that Mississippi law also apply to other substantive or procedural issues in this matter. *Id*. at p. 13-14.

### A. Choice of Law Analysis

When sitting in diversity, a federal court applies the choice of law rules of the forum state to determine whether the law of the forum state or a different state determines the outcome of the action. *See Potter v. St. Louis-San Francisco Ry. Co.*, 622 F.2d 979, 981 (8th Cir. 1980). Arkansas

uses a combination of the *lex loci delecti* doctrine and the five "choice-influencing considerations" when making choice-of-law determination in tort cases.[1] *Ganey v. Kawasaki Motors Corp., USA*, 366 Ark. 238, 251-52, 234 S.W.3d 838, 847 (Ark. 2006). Functionally, the *lex loci delecti* doctrine examines which state has a more "significant relationship" with the parties to determine which law to apply for a given matter or issue. *See id.* This examination considers factors such as the citizenship or residence of the parties and the location of the allegations related to the cause of action. *See id*. The fact that an accident occurred in the forum is not adequate on its own to conclude that the forum has the more significant relationship to a matter and that its law must apply. *See id*. at 252. The five additional considerations for making a choice of law determination are "(1) predictability of results, (2) maintenance of interstate and international order, (3) simplification of the judicial task, (4) advancement of the forum's governmental interests, and (5) application of the better rule of law." *See id*. at 251 (citation omitted).

Upon review, the Court finds that the applicable choice of law analysis supports Amerisafe's request that Mississippi law apply to the worker's compensation subrogation issue. As for the *lex loci delecti* portion of the analysis, the Court finds that Mississippi is the forum with the most significant relationship to this issue. Plaintiff is a Mississippi resident who was employed by a Mississippi corporation at the time of the collision, and the worker's compensation insurance policy between Amerisafe and MS Freight was produced under the laws of Mississippi. The only relationship Arkansas has to this issue is that the collision giving rise to Plaintiff's claim occurred in Arkansas, which is inadequate on its own to create a significant relationship between the issue and Arkansas. *See id*. at 252.

---

[1] The Eighth Circuit has concluded that the Arkansas Supreme Court would apply the choice of law analysis for tort cases instead of the analysis for contract cases for an issue involving worker's compensation subrogation rights. *See Lane v. Celadon Trucking, Inc.*, 543 F.3d 1005, 1007-10 (8th Cir. 2008).

The five choice-influencing considerations also support the application of Mississippi law to this issue. As to the predictability of result, applying the workers compensation laws of the state where the workers compensation insurance policy was made would provide predictability for the insurer by removing the chaotic possibility of being subject to the worker's compensation laws of whichever state an accident might occur. *See Celadon*, 543 F.3d at 1011. As with *lex loci delecti*, the consideration of interstate order supports applying Mississippi law because the only relationship this issue has with Arkansas is the location of the collision. *See id*. The simplification of the Court's judicial task is not upset by the application of the Mississippi law because the Court finds the subrogation right clear and easy to apply.[2] *See Schubert v. Target Stores, Inc.*, 360 Ark. 404, 411, 201 S.W.3d 917, 922 (Ark. 2005) ("where the out-of-state law is outcome-determinative and easy to apply, there is no good reason not to consider importing it as the law governing the case."). Arkansas has little government interest in this issue because no Arkansas citizen is involved and does not involve an Arkansas employer or a worker's compensation insurance policy made under the laws of Arkansas. *See Celadon* at 1011. The Court makes no judgment on which state has the better law and finds it unnecessary to consider this factor in light of the other four factors favoring the application of Mississippi law.

Accordingly, the Court finds that Arkansas' required choice of law analysis under both the *lex loci delecti* doctrine and the five choice-influencing considerations support the application of Mississippi law to the worker's compensation subrogation issue presented in Amerisafe's Intervenor Complaint (ECF No. 16-1).

---

[2] "The acceptance of compensation benefits from or the making of a claim for compensation against an employer or insurer for the injury or death of an employee shall not affect the right of the employee or his dependents to sue any other party at law for such injury or death, but the employer or his insurer shall be entitled to reasonable notice and opportunity to join in any such action or may intervene therein. *If such employer or insurer join in such action, they shall be entitled to repayment of the amount paid by them as compensation and medical expenses from the net proceeds of such action (after deducting the reasonable costs of collection) as hereinafter provided.*" Miss. Code Ann. § 71-3-71 (emphasis added).

**B. Doctrine of Dépeçage**

The doctrine of dépeçage is a conflict of laws principle that holds it is permissible and often appropriate to apply the laws of different states to different issues in the same case. *See Ewing v. St. Louis-Clayton Orthopedic Group, Inc.*, 790 F.2d 682, 686 (8th Cir. 1986) (citation omitted). Applying the doctrine "is clearly appropriate when the application of the rules of different states to determine different issues in the same case (a) would result in the application to each issue of the rule of the state with the greatest concern in the determination of that issue, (b) would serve to effectuate the purpose of each of the rules applied, and (c) would not disappoint the expectations of the parties." *Id*. While there is no Arkansas Supreme Court case directly acknowledging or adopting this doctrine, the Arkansas Supreme Court's willingness to apply the laws of different states to separate issues indicates that it has functionally adopted the doctrine. *See Wallis v. Mrs. Smith's Pie Co.*, 261 Ark. 622, 630-34, 550 S.W.2d 453, 457-59 (Ark. 1977) (determining that Arkansas' law for comparative fault would apply and Missouri's law for "rules of the road" would apply for determining possible negligence).

The Court finds that applying the doctrine of dépeçage is appropriate in this instance. As determined above, Mississippi has a greater interest in having its worker's compensation laws apply to Amerisafe's subrogation claim. Applying the Mississippi law would further the purpose of the law to allow an insurer to recoup the amount it has previously paid out to an employer or employee for a workplace accident. Also, the parties should have a reasonable expectation that Mississippi worker's compensation laws would apply to a worker's compensation insurance policy executed in Mississippi with a Mississippi employer and employee. The Court also finds that applying the Mississippi law for this issue would not disrupt Plaintiff Bridge's negligence claim, as the subrogation statute would only apply after any damages are recovered against Defendants.

*See* Miss. Code Ann. § 71-3-71. Accordingly, the doctrine of dépeçage is applicable and appropriate for this issue and supports Amerisafe's request to apply Mississippi law for its worker's compensation subrogation claim.

### III. Conclusion

For the reasons stated above, the Court finds that Amerisafe's Motion for Choice of Law (ECF No. 22) should be and hereby is **GRANTED**. Mississippi law shall apply to Amerisafe's worker's compensation subrogation claim.

**IT IS SO ORDERED**, this 8th day of November, 2021

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge